UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SUSAN THERESA HANEY, M.D.,

       Plaintiff,

  v.                                                   Civil No. 07-1807-HA

OREGON BOARD OF MEDICAL EXAMINERS;      ORDER
KATHLEEN HALEY, in her individual and official
capacities; PHILIP PARSHLEY, in his individual and
official capacities, GARY STAFFORD, in his individual
and official capacities; VICKI WILSON, in her
individual and official capacities; and SUSAN McCALL,
M.D., in her individual and official capacities,

       Defendants.

---

HAGGERTY, Chief Judge:

      Plaintiff's Second Amended Complaint advances a petition for judicial review, and asserts claims alleging two counts of Equal Protection Rights violations, Free Speech Retaliation, Privacy Rights violations, disability discrimination, Invasion of Privacy - Public Disclosure of Private Facts, Invasion of Privacy - False Light, Medical Malpractice, and violations of the Establishment Clause of the First Amendment to the United States Constitution. Defendants move to dismiss plaintiff's petition and plaintiff's state law tort claims. Oral argument on this motion is deemed unnecessary. For the following reasons, defendants' motion [18] is granted in part and denied in part.

1 - ORDER

**BACKGROUND**

The following factual summary is derived from the allegations presented in the Second Amended Complaint, which are construed liberally in favor of plaintiff and are accepted as true for the purposes of resolving defendants' motion. Plaintiff Susan Theresa Haney, M.D., is a licensee of the Oregon Board of Medical Examiners (BME). On February 23, 2006, plaintiff began experiencing problems related to her chronic asthma. Pursuant to her physician's advice, plaintiff began treating her asthma with prednisone. Plaintiff was concerned that using prednisone could cause side effects, including hypomania, which is an undesirable mood state.

On March 20, 2006, plaintiff recognized that she was experiencing symptoms of hypomania while she was vacationing. She sought medical advice and was instructed to lessen her use of prednisone. Plaintiff reported to her immediate supervisor that she was experiencing symptoms of hypomania due to the prednisone. She worked with her health care providers to monitor her use of prednisone in hopes of becoming healthy enough to return to work.

Plaintiff apprised her employer of her health status. On March 30, 2006, plaintiff and her employer discussed obtaining the BME's authority to return to work. On March 30, 2006, plaintiff contacted BME and reported her prednisone-induced temporary manic episode and her desire to return to work when healthy. Plaintiff requested that BME open a formal investigation. Subsequently, an investigation was undertaken and plaintiff was advised that she could not return to work until authorized to do so by BME.

Plaintiff alleges that she was discouraged from retaining counsel, and that she was compelled to grant access to all of her medical records, including those that contain personal health information and therapy information unrelated to plaintiff's manic episode. She asserts

that the BME's investigative committee did not consult with her, and did not consult with any of her health care providers, her employer, co-workers or family.

Plaintiff claims that as a result of the investigation, and the fact that she had been rendered unemployable during its pendency, she was coerced into participating in a chemical dependency program, and agreeing to be monitored for substance abuse. Beginning in April 2006, plaintiff repeatedly protested defendants' conduct in monitoring her, committing invasions of her privacy, and treating her differently than other similarly-situated physicians.

Plaintiff alleges that on July 13, 2006, BME forced her to stipulate to a corrective action order (CAO). Specifically, plaintiff asserts that BME threatened her with revocation or suspension of her license unless she stipulated to the CAO.

On July 15, 2006, BME published its Board Action Report. That Report included the following statement about plaintiff:

> Haney, Susan Theresa, MD; MD 23325; Coos Bay, OR. Licensee entered into a Corrective Action Order with the Board on July 13, 2006. This Order allows Licensee to resume practice while the Board continues its investigation under the following terms: Enroll in the Health Professionals Program (HPP); obtain a supervising psychiatrist who has been pre-approved by the Board; maintain a physician/patient relationship with a psychiatrist approved by HPP; maintain a physician/patient relationship with a primary care physician; provide a copy of the Order to hospitals/facilities where she maintains credentials. This is not a disciplinary action.

On September 23, 2006, BME publicized the CAO in its quarterly newsletter, which is mailed to all BME licensees and is available on-line for public access.

Plaintiff sought reconsideration of the CAO. She alleges that her protests resulted in threats that her license will be suspended or otherwise impaired. Nevertheless, on January 24,

3 - ORDER

2007, plaintiff submitted a formal written request that the CAO be removed from the BME website and that it be converted to a confidential order for evaluation. She also requested termination of her participation in the chemical dependency program. The BME denied these requests.

On July 12, 2007, BME voted to modify the CAO. On July 13, 2007, the modified CAO was issued to plaintiff. She was given no opportunity to review, sign, stipulate or otherwise agree to the modified CAO.

On September 11, 2007, plaintiff petitioned the Multnomah County Circuit Court for review of the modified 2007 CAO. That petition was accompanied by a Complaint for damages against defendants. After plaintiff amended her petition and Complaint, defendants removed the action to this court.

As summarized above, defendants move to dismiss plaintiff's petition and her state law tort claims. Defendants' arguments, some of which are meritorious, are analyzed below.

**ANALYSIS**

Generally, dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is denied "unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his [or her] claim" that would entitle the plaintiff to relief. *SmileCare Dental Group v. Delta Dental Plan of Calif., Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). For the purposes of resolving a motion to dismiss, the Complaint must be construed liberally in favor of the plaintiff, and the Complaint's allegations are accepted as true. *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004) (citation omitted). Accordingly, a motion to dismiss for failure to state a claim may be granted only if, accepting all well-pled allegations in the

Complaint as true and viewing them in a light most favorable to the plaintiff, the plaintiff is not entitled to relief. *Id*.

Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations [to survive], a plaintiff's obligation to provide the grounds of his [or her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1959 (2007) (citations, internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id*. This court's review is limited to the face of the Complaint, documents referenced by the Complaint, and matters of which this court may take judicial notice. *See Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (citation omitted).

1.  **Petition for Judicial Review**

Defendants' first challenge is directed against plaintiff's Petition for Judicial Review. Defendants argue that this court lacks jurisdiction over the petition for review because the subjects of the requested review, the 2006 CAO and the modified 2007 CAO, should be construed as the results of "contested case proceedings" and the "informal settlement" of contested case proceedings. The applicable Oregon statute, Oregon Revised Statute (O.R.S.) 183.484, confers jurisdiction for judicial review of orders in "other than a contested case" on the Circuit Court for Marion County and the county in which the petitioner resides or has a principal business. *See* O.R.S. 183.484(1). A party seeking judicial review must file a petition for judicial review within a specified time. *See* O.R.S. 183.484(2). The petition shall state, among other

5 - ORDER

things, "the ground or grounds upon which the petitioner contends the order should be reversed or remanded." *See* O.R.S. 183.484 (3).

Defendants describe the 2006 CAO as an order arising from a contested case proceeding, and/or as an informal settlement of contested case proceedings. Dfts. Mem. In Supp. at 4-6. This is so, defendants argue, because absent the 2006 CAO, the BME would have likely engaged in a proceeding at which it would have had the discretion to suspend or revoke plaintiff's license. *See* Dfts. Mem. In Supp. At 4-5 (citations omitted). Defendants also contend that the CAO was an "informal disposition of a contested case" that was in writing and signed by the parties, and as such, was not subject to the judicial review that is provided under O.R.S. 183.470. *Id*. (citing O.R.S. 183.417(3)(b)).

Defendants' portrayal of the 2006 and 2007 CAOs as products of contested case proceedings is rejected. The statutory language upon which defendants rely describe a contested case proceeding as a proceeding at which "the parties may elect to be represented by counsel and to respond and present evidence and argument on all issues properly before the presiding officer in the proceeding." O.R.S. 183.417(1). Under the facts as asserted in plaintiff's Complaint, she was discouraged from retaining counsel and was deprived of any opportunity to present evidence or to be heard on the issues addressed in the 2006 CAO. Moreover, the 2006 CAO included a stipulation stating that plaintiff "waives her right to a contested case proceeding or appeal therefrom." Dfts. Mem. In Supp. at 5 (quoting Att. 1, p.4). Construing a document that references waiver of a contested case proceeding as itself constituting a product of such a proceeding is unreasonable. Because plaintiff never had an opportunity "to respond and present

6 - ORDER

evidence and argument on all issues," her initial acquiescence to the 2006 CAO cannot fairly be construed as an informal disposition of a contested case, either.

Similarly, the modified 2007 CAO cannot be construed as either the product of a contested case proceeding or an informal disposition of such a proceeding. The modification was not preceded by a meaningful opportunity for plaintiff to present evidence or argument, or respond in any way to the issues before the BME, and was never signed by plaintiff.

Accordingly, the grounds presented by defendants for dismissing plaintiff's petition are rejected. However, there is considerable doubt as to the timeliness of plaintiff's requests for judicial review of both the 2006 CAO and the modified 2007 CAO stipulation. As noted, a party seeking judicial review must file a petition for judicial review within a specified time. *See* O.R.S. 183.484(2). Because of uncertainty regarding whether plaintiff timely sought review of either the 2006 CAO or the modified 2007 CAO, or whether mitigating factors should affect the applicable timeliness requirements, the petition is dismissed without prejudice. As detailed below, plaintiff is given leave to file a Third Amended Complaint in which she may re-assert her petition for review and address any timeliness concerns.

    2.    **State Law Claims**

Plaintiff's tort claims against state agencies and employees are subject to the Oregon Tort Claim Act (OTCA) and, in particular, to that statute's notice provisions. *See* O.R.S. 30.275(2). Pursuant to the statute, plaintiff was required to give the State notice within 180 days of her alleged loss or injury. O.R.S. 30.275(2)(b). Defendants challenge the sufficiency of plaintiff's showing of adequate notice.

Plaintiff responds that proper notice was provided and, in the alternative, offers to amend her Complaint to establish that notice requirements were satisfied. Pl. Response at 11-14. After scrutiny of the face of the Complaint, the documents referenced by the Complaint, and matters of which this court may take judicial notice, this court concludes that plaintiff has failed to properly establish that she complied with the notice requirements of the OTCA. In accordance with the dismissal and leave to re-plead the petition for judicial review, plaintiff's state law tort claims are also dismissed without prejudice. Plaintiff is granted leave to re-file these claims in a manner that demonstrates adequate compliance with the OTCA's notice requirements.

If plaintiff elects to re-file these claims, plaintiff should be mindful that a claim for Invasion of Privacy - Public Disclosure of Private Facts requires a plaintiff to plead that "(1) the facts disclosed were private facts; (2) the defendant disclosed them to the public generally or to a large number of persons; and (3) the disclosure was in a form of publicity of a highly objectionable kind." *Flowers v. Bank of Am. Nat. Trust and Sav. Ass'n*, 679 P.2d 1385, 1389 (Or. App. 1984) (citations and internal quotations omitted). Specifically, counsel should also be mindful of the recognition by an Oregon court of the rule that there "is no liability in an action for breach of privacy when the defendant merely gives further publicity to information about the plaintiff which is already public." *Ayers v. Lee Enterprises, Inc.*, 561 P.2d 998, 1003 (Or. 1977) (quoting *Cox Broadcasting Corp. v. Cohn*, 420 U.S. 469, 493-94 (1975) (quotations omitted)).

Similarly, the merits underlying plaintiff's claim for invasion of privacy by "false light" should be evaluated in accordance with applicable case authority. The Oregon Supreme Court has held that liability for this tort arises when (a) the false light in which the plaintiff was placed would be highly offensive to a reasonable person, and (b) the actor had knowledge of or acted in

8 - ORDER

reckless disregard as to the falsity of the publicized matter and the false light in which the plaintiff would be placed. *Marleau v. Truck Ins. Exchange*, 37 P.3d 148, 153-54 (Or. 2001) (citations and internal quotations omitted).

**CONCLUSION**

This court concludes that defendants' Motion to Dismiss [18] must be denied in part and granted in part. Although defendants' grounds for dismissing plaintiff's petition for judicial review are rejected, the petition is dismissed without prejudice. Plaintiff's state law tort claims are dismissed without prejudice because plaintiff has failed to demonstrate compliance with the Oregon Tort Claims Act.

Plaintiff is granted leave to file a Third Amended Complaint. If plaintiff elects to re-file a petition for judicial review, plaintiff must provide clarifications regarding the timeliness of that petition. If plaintiff elects to re-file her state law tort claims, she must demonstrate compliance with the OTCA.

The current discovery and Pretrial Order lodging schedule is stricken. Plaintiff's Third Amended Complaint must be filed no later than November 21, 2008. A final schedule for completion of discovery and filing dispositive motions will be set after defendants' Answer to the Third Amended Complaint is filed.

IT IS SO ORDERED.

Dated this   20   day of October, 2008.

                                                             /s/ Ancer L. Haggerty
                                                               Ancer L. Haggerty
                                            United States District Judge